# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA CAGE, | Case No. 1:13-cv-01741-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| DEBRA K. JOHNSON, | |
| Defendant. | (Docs. 15 and 16) |

_____/

## Second Screening Order

### I. Procedural History

Plaintiff Lisa Cage ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 18, 2013. On November 25, 2013, the Court screened Plaintiff's complaint and dismissed it, with leave to amend, for failure to state a claim under section 1983. 28 U.S.C. § 1915A. Plaintiff filed an amended complaint on December 6, 2013, along with a motion seeking the appointment of counsel.

### II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**III.    Discussion**

    **A.    Eighth Amendment Claims**

        **1.    Allegations**

Plaintiff is incarcerated at Central California Women's Facility ("CCWF") in Chowchilla, and she brings this action against Warden Debra K. Johnson for failing to ensure a safe, secure environment.  Plaintiff witnessed her roommate being jumped by three people over a drug deal, and she is forced to live with people who use and sell drugs in prison.  Plaintiff alleges that she is

labeled a problem because she refuses to accept "negative housing," and she alleges that inmates' clothing smells like mildew, their trays have soap on them, and their food tastes like soap. (Amend. Comp., p. 3.) Plaintiff alleges that Warden Johnson refuses to get involved with many of the issues of CCWF.

### 2. **Legal Standard**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of her rights; there is no *respondeat superior* liability under section 1983. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010).

The Eighth Amendment of the United States Constitution provides redress for unconstitutional conditions of confinement. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quotation marks omitted). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to her health or safety. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

3

### 3. **Findings**

Plaintiff's allegations do not support the existence of conditions sufficiently serious to support a claim for violation of the Eighth Amendment, and Plaintiff's allegations do not demonstrate that Defendant Johnson knowingly disregarded the conditions at issue. For these reasons, Plaintiff's amended complaint fails to state a claim under section 1983.

### B. **Motion for Appointment of Counsel**

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate her claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

Here, the Court does not find the required exceptional circumstances. Plaintiff has not set forth any facts supporting a viable claim for relief under section 1983. While the Court recognizes that Plaintiff is at a disadvantage due to her pro se status and her incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not.

### IV. **Conclusion and Order**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with notice of the deficiencies and an opportunity to amend, and based on the nature of the deficiencies at issue, further leave to amend is not

warranted.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is denied;

2. This action is dismissed, with prejudice, for failure to state a claim under section 1983; and

3. This dismissal qualifies as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **December 16, 2013**               **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE

5